DAVIS, Judge.
Jimmy Acevedo appeals the summary denial of his motion for additional jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion Acevedo alleged that he was entitled to additional credit for time served in case numbers 98-18771 and 99-1812 against the prison sentences he is currently serving. The record attachments do not refute Acevedo’s claims. We therefore reverse.
Acevedo alleges that he was incarcerated from October 29, 1998, until he bonded out on November 6, 1998, in case number 98-18771. He was then arrested on January 31, 1999, and charged in case number 99-1812, while still on bond in case number 98-18771. He alleges that his bond was revoked in case number 98-18771 when he was rearrested and that he remained in jail on both charges until sentencing on April 12,1999. The record reflects that he was sentenced to thirty days’ jail without credit for time served as a condition of the probationary sentence imposed in both these cases. He subsequently violated his probation in both cases and was incarcerated from February 3, 2000, to February 10, 2000, and from June 6, 2000, until June 13, 2000, while awaiting disposition on the violation of probation. He was then found guilty of violating his probation and sentenced to prison.
In case number 98-18771, the record reflects that Acevedo received twenty-six days’ credit for time served when he was sentenced on the violation of probation. The trial court granted Acevedo’s motion in part as to this case and awarded him an additional thirty days’ credit for the thirty days imposed as part of Acevedo’s initial probationary sentence. The tri *1084 al court did not address Acevedo s claim that he was incarcerated on this case from January 31, 1999, until April 12, 1999, and did not attach record documents refuting it. We therefore reverse and remand for the trial court to determine whether Acevedo is entitled to additional credit for time served for this period in case number 98-18771.
In case number 99-1812, the record reflects that Acevedo received eighty-eight days’ credit for time served when he was sentenced on the violation of probation. The trial court denied Acevedo’s claim for additional credit on this case finding that Acevedo was only entitled to fifty-nine days’ credit and had thus already received more credit than that to which he was entitled. It is unclear how the trial court arrived at this figure. The trial court stated that it was awarding Acevedo credit for the periods from January 31, 1999, to April 12, 1999; from February 3, 2000, to February 10, 2000; from June 6, 2000, to June 13, 2000; and for the additional thirty days served as a condition of his probationary sentence. By our calculations this equals 118 days, not 59 days. We therefore reverse and remand for the trial court to recalculate Acevedo’s jail credit as to this case. We do not simply remand for entry of an order awarding 118 days’ jail credit, because the record before this court is not complete enough for us to determine whether Acevedo is actually entitled to 118 days as suggested by the trial court’s order.
Reversed and remanded.
FULMER, A.C.J., and COVINGTON, J., Concur.